# UNITED STATES DISTRICT COURT

District of

UNITED STATES OF AMERICA
V.
RAMACHANDRAN VADIVELLU aka VIC RAMA

## AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: CR-12-00055-001
USM Number: 03604-093
John T. Gorman, Federal Public Defender
Defendant's Attorney

**Date of Original Judgment:** 5/20/2014
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

- ☑ pleaded guilty to count(s) 1 to 5
- ☐ pleaded nolo contendere to count(s) ___ which was accepted by the court.
- ☐ was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341 & 2 | Mail Fraud | 12/31/2010 | 1 |
| 18 U.S.C. §§ 1546(a) &2 | Visa Fraud | 7/6/2009 | 2, 3, 4 |
| 18 U.S.C. §§ 371 and 2 | Conspiracy to Commit Money Laundering | 7/6/2009 | 5 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ___

☐ Count(s) ___ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/4/2014
Date of Imposition of Judgment

**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jun 06, 2014**

DEFENDANT: RAMACHANDRAN VADIVELLU aka VIC RAMA
CASE NUMBER: CR-12-00055-001

## PROBATION

The defendant is hereby sentenced to probation for a term of:

5 years for each count, to run concurrent with each other.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: RAMACHANDRAN VADIVELLU aka VIC RAMA
CASE NUMBER: CR-12-00055-001

# ADDITIONAL PROBATION TERMS

* 1. Defendant shall serve six months home detention under the location monitoring program and shall abide by all the requirements of the program which will include electronic monitoring or other location verification system. Defendant shall pay all or part of the costs of the program based upon his ability to pay as determined by the U.S. Probation Office. During the period of home detention, defendant shall be restricted to his place of residence continuously, except for authorized absences such as gainful employment, community service, religious services, medical care, educational or training programs, and other times as may be specifically authorized;

2. Defendant shall obtain and maintain gainful employment.

3. Defendant shall execute a Financial Disclosure statement to the U.S. Probation office as directed.

4. Defendant shall not incur any new debt or obtain additional lines of credit unless approved by the U.S. Probation Office.

5. Defendant shall continue to attend his mental health counseling.

6. Defendant shall perform 50 hours of community service, which condition is suspended as long as defendant is gainfully employed.

DEFENDANT: RAMACHANDRAN VADIVELLU aka VIC RAMA
CASE NUMBER: CR-12-00055-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ | $ 117,197.29 |

☐ The determination of restitution is deferred until ____________ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| RAGUNATHAN SEGINATHAN | | $12,685.27* | |
| 120 GALAN TERATAI 2/7 | | | |
| TAMAN BUKIT TERATAI 56100 | | | |
| KUALA LUMPOR MALAYSIA | | | |
| | | | |
| KUPPUSAMY SITHAMBARAM | | $14,080.92* | |
| P.O. BOX 326080 | | | |
| HAGATNA, GUAM 96932 | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 117,197.29 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RAMACHANDRAN VADIVELLU aka VIC RAMA
CASE NUMBER: CR-12-00055-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| RAJAKUMARAN SUBRAYAN | | $20,135.49* | |
| NO.5, LORONG RUSA 3, TAMAN SELAMAT | | | |
| AIMA, BUKIT MERTAJAM, 14000 | | | |
| BUTTERWORTH, PULAI PINANG, MALAYSIA | | | |
| | | | |
| SEGINATHAN RAMACHANDRAN | | $13,502.52* | |
| 120 GALAN TERATAI 2/7 | | | |
| TAMAN BUKIT TERATAI 56100 | | | |
| KUALA LUMPOR MALAYSIA | | | |
| | | | |
| GANESAN SOMU | | $16,460.45* | |
| 7, T, K, T, 10-B-I.O.K | | | |
| LEBURAYA, THEAN | | | |
| TEIK, 11500, BANDAR BARU | | | |
| AYERITAM, PULAU PINANG, MALAYSIA | | | |
| | | | |
| SURIYADI | | $16,509.95* | |
| AIAMAT: NANASAN | | | |
| RT/RW: 011 / 003 | | | |
| DESA: NGAWONGGO | | | |
| KECAMATAN: TAJINAN | | | |
| KABUPATEN: MALANG, INDONESIA | | | |
| JAWA TIMOR | | | |
| | | | |
| | | | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RAMACHANDRAN VADIVELLU aka VIC RAMA
CASE NUMBER: 12-00055-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *GUAM DEPARTMENT OF REVENUE & TAXATION | | $14,857.10 | |
| P.O. BOX 23607 | | | |
| BARRIGADA, GU 96921 | | | |
| | | | |
| *INTERNAL REVENUE SERVICES - RACS | | $8,965.59 | |
| ATTN: MAIL STOP 6261, RESTITUTION | | | |
| 333 W. PERSHING AVE. | | | |
| KANSAS CITY, MO 64108 | | | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RAMACHANDRAN VADIVELLU aka VIC RAMA
CASE NUMBER: CR-12-00055-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 117,697.29 due immediately, balance due

☐ not later than ____________, or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal ________ (e.g., weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall pay restitution to the Clerk of the District Court of Guam for disbursement to the victims which is to be paid during the period of probation on an installment basis according to the collection policy of the Probation Office, but at a rate of not less than 10% of the defendant's monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

U.S. currency in the amount of $14,848.20, check Number 8730; U.S. currency in the amount of $16,180.00, check Number 8899; U.S. Currency in the amount of $10,675.00, check Number 10071; U.S. currency in the amount of $9,475.00, check Number 10072; Monies and accumulated interest contained in Account Number 0011001379 (Wage Bond, approximately $24,000.00, Time Certificate of Deposit No. 7003067554); Monies and accumulated interest contained in Account Number 0011001378 (Repatriation Bond, approximately $4,463.03, Time Certificate of Deposit No. 7003067559); and Monies and accumulated interest contained in Account Number 8000096512 (Wage Bond, approximately $6,876.98)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.